IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOSEPH KELLY DINGLER, # 00149118, Petitioner, | ) ) ) ) |
| vs. | ) No. 3:22-CV-1252-D (BH) ) |
| ROCKWALL COUNTY COURT #2, et al., Respondents. | ) ) ) Referred to U.S. Magistrate Judge[1] |

## MEMORANDUM OPINION AND ORDER

Based on the relevant filings and applicable law, the "Motion to Correct the Record and Properly Rule on the Motion for Return of Seizure of Property", filed on July 24, 2022 (doc. 12), is liberally construed as a motion for reconsideration and **DENIED**.

### I.  BACKGROUND

The petitioner initiated this case through a handwritten "Petition for Writ of Habeas Corpus Petition for Federal Asylum under 28 U.S.C. § 2254", received on June 9, 2022. (*See* doc. 2.) Because it appeared to challenge his pretrial detention instead of a state conviction, the filing was properly construed as a petition for writ of habeas corpus under 28 U.S.C. § 2241 instead of § 2254. (*See* doc. 3.) By *Notice of Deficiency and Order* dated June 10, 2022, the petitioner was notified that he had neither paid the $5 filing fee nor submitted a motion to proceed *in forma pauperis* (IFP), and that he needed to complete and file a form petition under 28 U.S.C. § 2241 and either pay the fee or file an IFP motion, within thirty days. (*Id.*)

The *Notice of Deficiency and Order* specifically noted that the habeas petition also mentioned claims that could arise under 42 U.S.C. § 1983. (*Id.*) It notified him that courts may only consider federal habeas petitions on grounds that the petitioner is in custody in violation of the

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings and recommendation.

Constitution or federal laws. *See Preiser v. Rodriguez*, 411 U.S. 475, 484-87 (1973). (*Id.*) He was specifically advised that he may only raise habeas claims in his amended habeas petition, and this case will proceed only as a habeas action. (*Id.*) Any other types of claims, including claims under § 1983, were required to be raised in a separate civil action. (*Id.*) The Clerk's Office was instructed to forward him the forms used in other types of civil actions. (*Id.*) The petitioner was notified that because of the filing fee, a separate § 1983 action would only be opened if he file it on the enclosed forms.[2] (*Id.*) In spite of the specific directions he was given, the petitioner filed a motion in this § 2241 case seeking civil relief, i.e., return of seized property, that may not be had in a § 2241 habeas case. (*See* docs. 6, 8.)

Because he appeared to seek to file a civil action, the Clerk of Court was instructed to open a new civil action under 42 U.S.C. § 1983, file the petitioner's motion (doc. 6) in that case, and terminate it in this habeas action. (*See* doc. 7.) A new case has been opened, and his motion for the return of property was filed in that case. (*See* No. 3:22-CV-1588-L-BK (N.D. Tex.).) The petitioner now appears to seek reconsideration of that order. (*See* doc. 12.)

## II. RECONSIDERATION

As noted by the Fifth Circuit, "the Federal Rules of Civil Procedure do not provide for a motion for reconsideration." *Shepherd v. International Paper Co.*, 372 F.3d 326, 328 n. 1 (5th Cir. 2004); *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir.1990) (noting

---

[2] The Prison Litigation Reform Act (PLRA) requires that <u>all</u> prisoners who bring a civil non-habeas action must pay the full filing fee, although the fee may be paid in installments where leave to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(b)(1). A $52 administrative fee will be assessed in addition to the $350 filing fee, resulting in a total filing fee of $402 for a civil action in which the plaintiff has not sought or been granted leave to proceed *in forma pauperis*. *See* District Court Miscellaneous Fee Schedule. Where a prisoner plaintiff has been granted leave to proceed *in forma pauperis*, only the $350 filing fee will be deducted from the prisoner's account. *See id.* The $52 administrative fee will not be deducted. *Id.*

that the federal rules of procedure "do not recognize a 'motion for reconsideration' *in haec verba*"), *abrogated on other grounds by Little v. Liquid Air Corp.,* 37 F.3d 1069, 1076 n. 14 (5th Cir.1994). Where a motion for reconsideration challenges a final judgment, it is treated either as a motion to alter or amend the judgment under Rule 59(e), or as a motion seeking relief from judgment under Rule 60(b). *Id.* Where a motion does not challenge a final judgment, it is considered under Rule 54(b). *See McClendon v. United States,* 892 F.3d 775, 781 (5th Cir. 2018) (citing *Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336 (5th Cir. 2017)).

Rule 54(b) provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties ... may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). Under Rule 54(b), "'the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law.'" *Austin*, 864 F.3d at 336 (quoting *Lavespere,* 910 F.2d at 185). The Fifth Circuit has specifically noted Rule 54(b)'s flexibility, which reflects courts' inherent power to provide relief from interlocutory orders and decisions "'as justice requires.'" *Id.* at 337 (quoting *Cobell v. Jewell*, 802 F.3d 12, 25–26 (D.C. Cir. 2015)); *Cabal v. Brennan*, 853 F.3d 763, 766 n. 3 (5th Cir. 2017).

Here, the petitioner has not shown any reason justifying reconsideration of the order that his motion for the return of property be opened as a new non-habeas civil action. Section 2241, "'which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the [pending case,]'" is the proper vehicle for seeking habeas relief from pretrial detention. *Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998) (quoting *Dickerson v.*

3

*Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987)).  In the context of pretrial detainees, the Fifth Circuit has recognized that "[t]he purpose of this writ is not to examine the validity of any judgment, but merely to inquire into the legality of a detention." *Fain v. Duff*, 488 F.2d 218, 222 (5th Cir. 1973).  Because the petitioner's motion is not challenging the legality of, or seeking relief from, his pretrial detention, but instead seeks to recover alleged seized property, the relief sought is not available under § 2241 and is properly raised in a civil rights action.

### III.  CONCLUSION

The petitioner's filing is liberally construed as a motion for reconsideration of the order that a new non-habeas civil case be opened for his motion for return of property, and it is **DENIED**.  Any request for relief relating to his motion for the return of property should be filed in the new civil action, No. 3:22-CV-1588-L-BK (N.D. Tex.).

**SO ORDERED this 25th day of July, 2022.**

*(signature)*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE