IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOSEPH KELLY DINGLER,         ) <br> # 00149118,                      ) <br>         Petitioner,              ) <br> vs.                                    ) <br>                                         ) <br> ROCKWALL COUNTY COURT #2, et al., ) <br>         Respondents.            ) | No. 3:22-CV-1252-D (BH) <br><br><br> Referred to U.S. Magistrate Judge[1] |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Based on the relevant filings and applicable law, the case should be **DISMISSED** for failure to prosecute or follow orders of the court.

### I. BACKGROUND

On June 9, 2022, a handwritten "Petition for Writ of Habeas Corpus Petition for Federal Asylum under 28 U.S.C. § 2254" was received from the petitioner, a frequent filer. (*See* doc. 2.) Because it appeared to challenge his pretrial detention instead of a state conviction, the filing was properly construed as a petition for writ of habeas corpus under 28 U.S.C. § 2241 instead of § 2254. (*See* doc. 3.) By *Notice of Deficiency and Order* dated June 10, 2022, the petitioner was notified that he had neither paid the $5 filing fee nor submitted a motion to proceed *in forma pauperis* (IFP), and that he needed to complete and file a form petition under 28 U.S.C. § 2241. (*See id.*) He was ordered to file the § 2241 form, and to either pay the fee or file an IFP motion, within thirty days. (*Id.*) The notice specifically stated that a failure to comply with the notice could result in the dismissal of the petition for failure to prosecute or to follow court orders. After more than thirty days from the date of that notice had passed, but the petitioner had not paid the fee, filed an IFP motion, or filed a completed § 2241form, on July 18, 2022, it was recommended that the case be

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings and recommendation.

dismissed for failure to prosecute or follow court orders. (*See* doc. 5.)

On July 21, 2022, the petitioner filed a document stating that he had been released from custody and had not received the *Notice of Deficiency and Order*. (*See* doc. 9.) The recommendation that the case be dismissed was vacated, and by *Second Notice of Deficiency and Order* dated July 22, 2022, the petitioner was again ordered to file his petition on the correct § 2241 form, and to either pay the fee or file an IFP motion, within fourteen days. (*See* docs. 10, 11.) The notice specifically stated that a failure to comply with the notice could result in the dismissal of the petition for failure to prosecute or to follow court orders. (*Id.*) The petitioner ultimately filed an amended petition on the proper form on August 16, 2022, but the form was not fully completed and presented no claims. (*See* doc. 15.) It stated, "See handwritten claims", under each listed ground, but there were no handwritten claims or attachments that set forth or even identified any claims. (*Id.*) He also filed an IFP motion on August 16, 2022, and he was granted IFP status on August 19, 2022. (*See* docs. 16-17.)

By *Third Notice of Deficiency and Order* dated August 19, 2022, the petitioner was again ordered to file his § 2241 petition on the correct form within fourteen days. (*See* doc. 18.) The notice specifically stated that a failure to comply with the notice could result in the dismissal of the petition for failure to prosecute or to follow court orders. (*Id.*) Well more than fourteen days from the date of the third notice have passed, but the petitioner has not or filed a completed § 2241form or anything else in this case.

## II. INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss *sua sponte* an action for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126,

1127 (5th Cir. 1988). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). Here, three separate notices of deficiency have advised the petitioner of the issues with his habeas petition and provided him opportunities to file a completed § 2241 petition on the appropriate form. Each notice specifically warned that failure to comply could result in the dismissal of his petition. Despite the passage of five months, he still has not complied with the notice and order to file a proper § 2241 petition, and he has not otherwise responded to the last notice dated August 19, 2022. Because he failed to comply with the notices of deficiency and order, his petition should be dismissed without prejudice for failure to prosecute or follow orders of the court.

### III. RECOMMENDATION

The petition should be dismissed under Fed. R. Civ. P. 41(b) without prejudice for want of prosecution or failure to follow orders of the court, unless the petitioner files a completed § 2241 form within the fourteen-day time frame for objecting to this recommendation, or by some other deadline set by the Court.

**SIGNED this 21st day of November, 2022.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

3

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE