IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOSEPH KELLY DINGLER,<br>ID # 0998964, | § § § | |
| Petitioner, | § § | |
| VS. | § § | Civil Action No. 3:22-CV-1252-D |
| ROCKWALL COUNTY COURT #2,<br>et al., | § § § § | |
| Respondents. | § § | |

MEMORANDUM OPINION
AND ORDER

Petitioner Joseph Kelly Dingler ("Dingler") moves for a preliminary injunction and temporary restraining order ("TRO") in this closed case. For the reasons that follow, the court denies the motion.

I

On June 9, 2022 Dingler, a frequent litigant, filed a handwritten document seeking federal habeas relief under 28 U.S.C. § 2254. Because he appeared to challenge his pretrial detention instead of a state conviction, the court construed the filing as a habeas corpus petition under 28 U.S.C. § 2241. By orders and notices of deficiency dated June 10, 2022, July 22, 2022, and August 19, 2022, the court ordered Dingler to file his petition on the correct § 2241 form. In each instance, the court advised him that a failure to comply with the order could result in dismissal of the petition for failure to prosecute or follow court orders, and he was provided a blank copy of the correct form. When Dingler failed to

comply with the requirement that he file a completed § 2241 form, the court on December 22, 2022 dismissed this case without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or comply with court orders.

Dingler now seeks "an immediate preliminary injunction and TRO against the Respond[e]nt to halt it[]s prosecution and reinstate his PR bonds based on unlitigated fact the court's orders are not just voidable, but pat[]ently void because the Court has no jurisdiction over him or subject-matter." Mot. at 1. Dingler contends that "the Respond[e]nt has been given sufficient notice of his Habeas claims," and that "he is being denied adequate medical care for his serious endocrinology condition that has exasperated an already cloudy cognitive function to an early onset dementia mental acuity." *Id.*

II

A

A preliminary injunction can only be issued after notice to the adverse party. *See* Rule 65(a)(1). A court can issue a TRO without notice to the adverse party only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Rule 65(b)(1). The party seeking a TRO or preliminary injunction has the burden to show he is entitled to it. *E.g., Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987).

Even if Dingler could show that immediate and irreparable harm would result to him

before respondents could be heard in opposition, he has not established that he has given notice to any respondent of his request for injunctive relief, much less provided written certification of the efforts made to give such notice or proffered reasons why notice should not be required. Instead, Dingler asserts generally that the court's docket, "along with two previous petitions to the Tex[as] Court of Criminal Appeals," provide notice of his habeas claims. Mot. at 1. But the court's docket shows that this lawsuit was closed based on Dingler's failure to comply with court orders, no service was issued for any respondent, and Dingler has not identified the state petitions that he contends are sufficient to give notice to any respondent. Dingler has failed to satisfy his burden, as the moving party, to show that he is entitled to a TRO or a preliminary injunction under Rule 65.

B

Further, even had Dingler given the required notice, he must also satisfy the requirements for obtaining a preliminary injunction or TRO. *See Clark*, 812 F.2d at 993. A preliminary injunction "is an extraordinary and drastic remedy, not to be granted routinely, but only when the movant, by a clear showing, carries the burden of persuasion." *White v. Carlucci*, 862 F.2d 1209, 1211 (5th Cir. 1989) (quotation marks and citation omitted). A preliminary injunction is the exception, not the rule. *Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985). To obtain a preliminary injunction, Dingler must establish each of the following: (1) a substantial likelihood that he will prevail on the merits; (2) a substantial threat that he will suffer irreparable injury if the injunction is not granted; (3) that the threatened injury to Dingler outweighs the threatened harm the

injunction may do to respondents; and (4) that granting the preliminary injunction will not disserve the public interest. *E.g.*, *Jones v. Bush*, 122 F.Supp.2d 713, 718 (N.D. Tex. 2000) (Fitzwater, J.), *aff'd*, 244 F.3d 134 (5th Cir. 2000) (per curiam) (unpublished table decision). "The decision whether to grant a preliminary injunction is within the discretion of the court, but it is an extraordinary remedy that should only be granted if the movant has clearly carried its burden." *John Crane Prod. Sols., Inc. v. R2R & D, LLC*, 861 F.Supp.2d 792, 794 (N.D. Tex. 2012) (Fitzwater, C.J.) (citation omitted).  A TRO is "simply a highly accelerated and temporary form of preliminary injunctive relief," and requires the party seeking such relief to establish the same four elements for obtaining a preliminary injunction. *Lee v. Verizon Commc'ns, Inc.*, 2012 WL 6089041, at *1 n.2 (N.D. Tex. Dec. 7, 2012) (Fitzwater, C.J.) (quoting *Hassani v. Napolitano*, 2009 WL 2044596, at *1 (N.D. Tex. July 15, 2009) (Fitzwater, C.J.)).

Dingler has not demonstrated a substantial likelihood of success on the merits because this lawsuit is closed, and his filing does not remedy the basis on which it was dismissed. Because Dingler has not shown a basis for injunctive relief in this closed habeas case, his motion for a preliminary injunction and a TRO is denied.

### III

Dingler also appears to bring habeas claims challenging his current pretrial detention in Tarrant County Jail, and non-habeas civil claims challenging the conditions of his confinement.  *See* Mot. at 1.  If Dingler desires to seek habeas relief challenging his current pretrial detention, he must file a separate habeas action under § 2241 using the correct forms

and pay the applicable filing fee for habeas cases or file a motion to proceed *in forma pauperis*. If Dingler desires to seek relief on any non-habeas civil claims, he must file a separate lawsuit using the correct forms and pay the required filing fees. The Prison Litigation Reform Act (PLRA) requires that <u>all</u> prisoners who bring a civil action pay the full $402 filing fee. *See* 28 U.S.C. § 1915(b)(1). A prisoner who is granted leave to proceed *in forma pauperis* must still pay the full filing fee, but is allowed to pay in installments that are automatically withdrawn from the prisoner's trust account. Because of the filing fee requirement and the fact that Dingler has previously been barred under the "three-strikes" rule of 28 U.S.C. § 1915(g) from proceeding in a prisoner civil action without prepaying the required fees, the court will not liberally construe his motion as seeking to open a new civil action at this time.

## IV

The Clerk of Court is directed to mail Dingler: (1) a standard form for cases filed under 28 U.S.C. § 2241; (2) a form application to proceed *in forma pauperis* in a habeas case; (3) a standard form for filing a complaint under 42 U.S.C. § 1983; and (4) a form application to proceed *in forma pauperis* in a prisoner civil rights case.

A $52 administrative fee will be assessed in addition to the $350 filing fee, resulting in a total filing fee of $402 for a civil action in which the plaintiff has not sought or been granted leave to proceed *in forma pauperis*. *See* District Court Miscellaneous Fee Schedule. Where a prisoner plaintiff has been granted leave to proceed *in forma pauperis*, only the

$350 filing fee will be deducted from the prisoner's account. *See id.* The $52 administrative fee will not be deducted. *Id.*

    **SO ORDERED**..

May 12, 2023.

 

_____
SIDNEY A. FITZWATER
SENIOR JUDGE